ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 JUN 26 PM 12: 22

DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF TEXAS
DALLAS

JOY Nzeako, and
UWADILACHI Nzeako
2006 Elm Fall, Mesquite TX
Plaintiffs

vs

HSBC BANK
Serve: CT Corporation System
Registered Agent office
7637 Old Georgetown Road
Bethesda, Maryland
Defendant.
And

**3-15CV-2143D**

HSBC MORTGAGE SERVICES
Serve: CT Corporation System
Registered Agent office
1999 Bryan St #900
Dallas, TX
Defendant.

## COMPLAINT

COMES NOW the Plaintiff, JOY Nzeako AND UWADILACHI Nzeako (hereafter the "Plaintiff") by of counsel, and for their complaint against the Defendants, allege as follows:

## INTRODUCTION

1. This is a case is brought under the Federal Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq*. (ECOA) and the Texas Equal Credit Opportunity Act, Texas Code § 59.1-21:1 *et seq*. (TECOA). This law regulates what a person must do when it accepts a consumer's application for credit and acts upon it. It prohibits a creditor from considering a consumer's race in an application for credit and requires a creditor who takes an adverse action against a

consumer to provide written notice of adverse action with an accurate statement of the reasons for the denial. In this case, the Defendants denied the Plaintiffs' mortgage loan application, at least in part, because of race. It also failed to provide an accurate statement of the reason for the denial. The Defendants' conduct in misrepresenting the reason for its adverse action also constitutes the common law tort of fraud.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question) and 18 U.S.C. § 1964(c) (person injured in their business or property by reason of a RICO violation).

3. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) and 18 U.S.C. § 1965(a) because Defendants reside, are found, have an agent, and/or transact their affairs in this District and a substantial part of the events or omissions giving rise to this claim have occurred in this District.

4. In addition, jurisdiction is proper pursuant to the ECOA, 15 U.S.C. 1689e. Supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

## PARTIES

5. The Plaintiff is a consumer as defined and governed by the ECOA.

6. Defendant, HSBC NATIONAL BANK USA is a banking subsidiary of HSBC USA, Inc. with its principal place of business in 7637 Old Georgetown Road Bethesda, Maryland. This Defendant may be served with process through its registered agent and/or officer at 7637 Old Georgetown Road, Bethesda, Maryland 20814.and locally through its registered agent: CT Corporation, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-423. HSBC is a legal entity doing business as a consumer bank

and lender. Defendant HSBC MORTGAGE SERVICES is a corporation doing business in the State of Texas, and may be served through its registered agent: CT Corporation, 1999 Bryan St #900, Dallas, TX. At all times relevant hereto it was a "creditor" as defined and governed by the ECOA and the TECOA.

**FACTS**

7. Joy and Uwadilachi Nzeako are married African America couple with three children residing in the state of Texas.

8. On about August 2001, Joy purchased the property known as 2006 Elms falls place Mesquite Texas for $170,000.

9. On about April 2014, Joy lost her job and had to obtain new employment. While waiting for new employment the family was forced to live on savings.

10. On about August 2014, Joy's mother passed away, and the payment of the mortgage fell on Uwadilachi an underemployed Electrical Engineer. Unable to pay the mortgage, Uwadilachi sought to have the mortgage terms modified. In that effort, Uwadilachi submitted an application and supporting documents to the servicer.

11. The services failed to provide a response to Uwadilachi as to whether or not the request for modification was granted,; the servicer informed Uwadilachi that the request for modification was with the under writer.

12. Upon further inquiry and demand for an answer by Uwadilachi, the servicer requested additional document.

13. On or about March 19, 2015, both joy and Uwadilachi submitted requested documents. After two week Uwadilachi requested a status report on their application. The servicer informed that no further action is need by Plaintiffs.

14. On about April 24, 2015, Uwadilachi received a letter that the property is going to be sold at a foreclosure sale on MAY 5, 2015.

15. Uwadilachi immediately contacted the services and he was informed to disregard the letter because he application is under review by the under writer.

16. On about May 16, 2015, Uwadilachi received a letter indicating that the property known as 2006 Elm Falls Place was sold at foreclosure sale, but it was not sold to a third party, the bank repurchase the property.

17. Uwadilachi called the servicers to find out why the property was foreclosed before a decision made on his application for modification,

18. The servicer refused to respond to Uwadilachi's inquires.

19. On about May 25, 2015, Joy called the services to ask why the property was foreclosed on; the services informed Joy that the property was foreclosed on because they did not submit an application for modification; and because the submission was not complete.

20. Joy informed the servicer that she submitted all requested document timely and by fax. Joy then asked what she can do to redeem the property.

21. The servicer informed that the property may be returned to them if the bank decides to do so.

22. Within the credit application their submitted to the Defendant, the Plaintiffs accurately listed their race as "African American."

23. The Defendants failed to give plaintiffs notice of the denial of their application.

24. Subsequent to its decision not to foreclose on Plaintiffs property, Defendants failed to give a reason for not providing notice or denial or approval of modification application.

25. The above-stated conduct of the Defendants was malicious, willful, intentional, grossly negligent and/or with reckless disregard for the rights and interests of the Plaintiff.

26. As a result of the above-stated conduct of the Defendants, the Plaintiff has suffered substantial actual damages by loss of the credit sought, emotional and mental anguish, and other injury to be established at trial.

**COUNT ONE: FEDERAL EQUAL CREDIT OPPORTUNITY ACT**

27. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 26 above as if fully set out herein.

28. Defendant violated the Federal ECOA.

(a) By discriminating against the Plaintiff on account of their race (15 U.S.C. § 1691(a)).

(b) By failing to provide a notice of adverse action which accurately stated the reasons for the denial (15 U.S.C. § 1691(d)).

29. As a result of the above alleged ECOA violations, Defendants are jointly and severally liable to Plaintiff for his actual damages pursuant to 15 U.S.C. § 1691(e)(a), for punitive damages of $10,000.00 against each Defendant pursuant to 15 U.S.C. § 1691e(b) and for attorneys fees and costs pursuant to 15 U.S.C. § 1691e(d).

30. Plaintiff is entitled to compensatory damages and equitable relief against each Defendant requiring the reversal of the foreclosure; the reinstatement of the loan; and delivery of compliant notices in all future instances.

**COUNT TWO: TEXAS EQUAL CREDIT OPPORTUNITY ACT**

31. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 30 above as if fully set out herein.

32. The Defendant violated the Texas ECOA

(a) By discriminating against the Plaintiff on account of her marital status (Texas Code § **202.9** (9) (a) - (c))

(b) By failing to provide a notice of adverse action which accurately stated the reasons for the denial (Texas Code § **202.9** (9) (a) - (c)).

33. As a result of the above alleged TECOA violations, Defendants are jointly and severally liable to Plaintiff for his actual damages pursuant to 15 U.S.C. § 1691(e)(a), for punitive damages of $10,000.00 against each Defendant pursuant to 15 U.S.C. § 1691e(b) and for attorneys fees and costs pursuant to 15 U.S.C. § 1691e(d).

34. Plaintiff is entitled to actual and equitable relief against each Defendants requiring the reversal of the foreclosure; the reinstatement of the loan; and delivery of compliant notices in all future instances.

**COUNT THREE: FRAUD/MISREPRESENTATION**

35. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 34 above as if fully set out herein.

37. The Defendant committed the tort of actual fraud by misrepresenting to the Plaintiffs their credit application was under review when in fact defendant had forwarded the file to their foreclosure department to foreclose on the property.(the "fraud").

38. The fraud was committed with actual and legal malice. It was deliberate, willful, intentional and with reckless disregard for the rights and interests of the Plaintiffs. The Plaintiffs is entitled to nominal and punitive damages.

39. The Plaintiffs reasonably relied upon the fraud for a period of time until they discovered the real reason for the delay tactics.

40. As a result of the fraud, the Plaintiffs suffered substantial actual damages.

**COUNT FOUR: WRONGFUL FORECLOSURE AND INJURIOUS FALSEHOOD**

41. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 40 above as if fully set out herein; the underlying matter involves the foreclosure matter.

42. This claim is against Defendants for their failure to comply with federal and state law relating to Defendants' interference with Joy and Uwadilachi Nzeako's property rights that is the subject of this action; In addition servicer has violated the good faith required of the Texas law.

43. Defendants wrongfully foreclosed the home of Joy and Uwadilachi Nzeako's; Defendants deprived Joy and Uwadilachi and their children the right to have reasonable and appropriate sustainable comfort in their home

44. Defendants have constructive and actual knowledge of Plaintiffs' interests in the property and the protection offered to them by the equal credit opportunity act.

45. Servicer and its trustee published falsehood about their interest in the property which is intended to disparage and whole ignore the equality of ownership or rights of Plaintiffs to the property.

46. Servicer and its agent carried out the underlying foreclosure action and impending eviction when it has full knowledge of Plaintiffs rights pursuant to equal credit opportunity and the making home affordable act.

47. Defendants' action constituted an interference with Plaintiffs control and ownership interest of their property.

48. As a result of Defendants' actions, Plaintiffs have suffered special damages.

49. If the Defendants and their agent are allowed to proceed to eviction of Joy and Uwadilachi Nzeako and their three minor children from their home home and property without complying with federal and Texas law, Plaintiffs will sustain significantly more damages as a result of these proceedings and the Defendants illegal actions (directly and indirectly through their authorized agents).

50. Wherefore, Plaintiffs pray the Court for the following relief:

(a) Injunctive relief from eviction from their property.

(b) A money judgment of all damages caused by Servicer action in the amount of $800,000.00

(c) A money judgment of punitive damages in the sum of $800,000.00

(d) Court cost against Defendants to include attorney's fees as well as pre-and post judgment interest. And

(e) Such other and further relief as the nature of their cause may require.

WHEREFORE Plaintiffs pray for judgment against the Defendant for their actual, liquidated, punitive and statutory damages, for equitable relief; for reasonable attorneys fees and pre-judgment and post-judgment interest; for the costs of litigation; and for such other and further relief as the Court deems just and appropriate.

Plaintiffs further pray the court to order stay of eviction process and stay of foreclosure related enforcement action that may be initiated or actions that were initiated by defendants and their agents.

Plaintiffs pray for monetary damages in the amount of $1,000,000.

**TRIAL BY JURY IS DEMANDED.**

Plaintiffs pray for trial by juror.

## VERIFICATION

We, Uwadilachi Nzeako and Joy Nzeako, the Plaintiffs in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

We declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Dallas, Texas.

Respectfully Submitted

JOY Nzeako
2006 Elm Falls Street
Mesquite, Tx, 75181
469 766 3279

UWADILACHI Nzeako
2006 Elm Falls Street
Mesquite, Tx, 75181
972-6937264

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

RECEIVED
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

ORIGINAL

**I. (a) PLAINTIFFS**
Joy Nzeakor
and
Uwadilachi Nzeakor

**DEFENDANTS**
HSBC Bank
and
HSBC Mortgage Services

(b) County of Residence of First Listed Plaintiff: Dallas County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**3-15CV-2143D**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☒ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1691

Brief description of cause:
Wrongful foreclosure and violation of equal credit opportunity act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 500,000.00

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY *(See instructions)*:

JUDGE ______ DOCKET NUMBER ______

DATE: 06/25/2015

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or a similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**torney Signature.** Date and sign the civil cover sheet.