UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOY NZEAKO and UWADILACHI NZEAKO,<br>　　　　　Plaintiffs,<br><br>v.<br><br>HSBC BANK, et al.,<br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§　No. 3:15-CV-2143-D<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the plaintiffs Joy Nzeako and Uwadilachi Nzeako ("Plaintiffs") motions for preliminary injunction [D.E. 5 & 9] referred to the United States Magistrate Judge for recommendations [D.E. 7 & 10]. For the reasons stated below, the undersigned respectfully recommends that the motions for preliminary injunction [D.E. 5 & 9] be DENIED.

**BACKGROUND**

On June 26, 2015, Plaintiffs filed their Complaint against the defendants HSBC Bank and HSBC Mortgage Services. *See* Compl. [D.E. 3 at 2-3]. On July 2, 2015, Plaintiffs filed their Amended Complaint adding Buckley Madole, P.C. as a party. *See* Am. Compl. [D.E. 8 at 3]. Plaintiffs contend that in August of 2014, they sought to modify the terms of their mortgage loan because they were unable to make the payments. *See id.* [D.E. 8 at 4]. Plaintiffs contend that the mortgage servicer failed to provide a response as to whether their request for a modification was granted, but that on April 24, 2015, they received a letter informing them that their property was scheduled to be sold on May 5, 2015. *See id.* [D.E. 8 at 4]. Plaintiffs contend that when they contacted the servicer regarding the letter describing the sale, they were told to disregard the letter because the loan modification application was under review. *See id.* [D.E. 8 at 4]. However, on

approximately May 16, 2015, Plaintiffs contend that they received another letter stating that the bank purchased their property at a foreclosure sale. *See id.* [D.E. 8 at 5]. When Plaintiffs inquired as to why the property was sold while their loan modification application was pending, they were informed that it was because their application was not complete. *See id.* [D.E. 8 at 5]. Plaintiffs contend that on approximately May 24, 2015, Delcan Cannonier, an employee of Buckley Madole, P.C. demanded that Plaintiffs move out of their property within 3 days or pay $164,000 to regain the property. *See id.* [D.E. 8 at 5-6]. Plaintiffs contend that they showed Delcan Cannonier the last mortgage statement reflecting a loan balance of $120,000 and that they were in arrears on $10,000. *See id.* [D.E. 8 at 5].

In Count One of the Amended Complaint, Plaintiffs contend that the defendants HSBC Bank, HSBC Mortgage Services and Buckley Madole, P.C. ("Defendants") violated the federal Equal Credit Opportunity Act, Title 15, United States Code, Section 1691 *et seq.*, by discriminating against them based on their race. *See id.* [D.E. 8 at 6]. In Count Two of their Amended Complaint, Plaintiffs allege that Defendants violated the Texas Equal Credit Opportunity Act based on their marital status. *See id.* [D.E. 8 at 7]. In Count Three of their Amended Complaint, Plaintiffs allege that Defendants committed fraud and misrepresentation by representing to Plaintiffs that their application was under review when they were actually foreclosing on the property. *See id.* [D.E. 8 at 7-8]. In Count Four of the Amended Complaint, Plaintiffs allege that Defendants violated state and federal laws by wrongfully foreclosing on their home. *See id.* [D.E. 8 at 8-9]. In Count Five of their Amended Complaint, incorrectly labeled as another Count Four, Plaintiffs allege that Defendants colluded in order to illegally obtain Plaintiffs' property. *See id.* [D.E. 8 at 10].

On June 26, 2015, Plaintiffs filed their Emergency Motion for Preliminary Injunction stating

that Defendants have attempted to evict them from their home beginning June 1, 2015. *See* Emergency Mot. for Prelim. Inj. [D.E. 5 at 2]. On July 2, 2015, Plaintiffs filed a motion that is the same in content as their June 26, 2015 motion for preliminary injunction, but removed the "Emergency" designation from the title of the motion and added Buckley Madole, P.C. to the heading of the motion. *See* Mot. for Prelim. Inj. [D.E. 9 at 1]; Emergency Mot. for Prelim. Inj. [D.E. 5 at 1]. In their motions for preliminary injunction, Plaintiffs seek a "temporary restraining order/preliminary and permanent injunction" which enjoin Defendants from the following: (1) "evicting them from their home," (2) "selling their home to a third party," and (3) "engaging in or performing any action that prevent Plaintiffs from retaining their home." Emergency Mot. for Prelim. Inj. [D.E. 5 at 3]; Mot. for Prelim. Inj. [D.E. 9 at 3-4]. As of the date of this recommendation, Defendants have not been served and have not filed responses to Plaintiffs' motions for preliminary injunction.

## ANALYSIS

In order to obtain preliminary injunctive relief, the party seeking such relief must demonstrate the following:

> (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to him outweighs the threatened harm the injunction may do to defendants; and (4) that granting the preliminary injunction will not disserve the public interest.

*Hopkins v. Wells Fargo Bank, N.A.*, No. 3:10-CV-1857-D, 2011 WL 611664, at *2 (N.D. Tex. Feb. 18, 2011) (citing *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000)). "Although the decision to grant a preliminary injunction is within the court's discretion, it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden of persuasion on all four

3

elements." *Id.* (citing *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003); *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

"A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425-L, 2014 WL 4755485, at *2 (N.D. Tex. Sept. 24, 2014) (quoting *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009)). "The purpose of a TRO is to 'preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Id.* (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974)). "Any TRO, therefore, is a temporary measure to protect rights until a hearing can be held." *Id.* Pursuant to Federal Rule of Civil Procedure ("Rule") 65(b)(1), the court may issue a temporary restraining order ("TRO") without giving notice to the adverse party or its counsel only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)-(B). Therefore, "a TRO cannot be issued ex parte absent a clear showing that immediate and irreparable injury will result before the adverse party can be heard." *Id.* Furthermore, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1982) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

Plaintiffs failed to comply with the requirements of Rule 65(b)(1) and further failed to even sign their July 2, 2015 Motion for Preliminary Injunction and Amended Complaint. *See* Am. Compl.

4

[D.E. 8 at 11-12]; Mot. for Prelim. Inj. [D.E. 9 at 4]; FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."). In addition, Plaintiffs represent to the Court that Defendants have sought to evict Plaintiffs from their home since approximately June 1, 2015. *See* Mot. for Prelim. Inj. [D.E. 9 at 2]. However, the undersigned observes that Plaintiffs did not file their Original Complaint and Emergency Motion for Preliminary Injunction until June 26, 2015. *See* Compl. [D.E. 3]; Emergency Mot. for Prelim. Inj. [D.E. 5]. Therefore, Plaintiffs' own 25 day delay in filing their Complaint and Emergency Motion for Preliminary Injunction undermines their position that there is a substantial threat of irreparable harm, and the undersigned finds that Plaintiffs failed to meet their burden of persuasion with respect to this element. *See Speed*, 2014 4755485, at *2 ("The Property Securitization Analysis Report attached to the Complaint further undermines Plaintiff's request for an ex parte TRO or preliminary injunction. The report, which is dated September 3, 2014, indicates that Plaintiff delayed for at least twenty days before initiating this case and seeking injunctive relief to stop the foreclosure scheduled for October 1, 2014. This unexplained delay undercuts Plaintiff's assertion that there is either an immediate or substantial threat that irreparable harm will result if the requested injunctive relief is not granted without giving Defendants an opportunity to respond. The court therefore denies Plaintiff's Application for Ex-Parte TRO and denies without prejudice Plaintiff's Application for Temporary Injunction[].").

   Furthermore, Plaintiffs failed to meet their burden of demonstrating that there is a substantial likelihood of prevailing on the merits with respect to their asserted claims. Plaintiffs do not address this element in their motions for injunctive relief. In addition, upon review of Plaintiffs' Amended Complaint, the undersigned cannot conclude that there is a substantial likelihood of prevailing on

5

the merits based on the conclusory allegations asserted. *See* Am. Compl. [D.E. 8 at 6-10]; *Speed*, 2014 WL 4755485, at *2 ("After carefully reviewing the Complaint and documents attached to the Complaint, the court concludes that Plaintiff has not shown a substantial likelihood of prevailing on the merits of the claims asserted against Defendants. The Complaint, while lengthy, is best described as a compilation of formulaic legal arguments that are frequently cited in mortgage foreclosure cases by *pro se* plaintiffs but rarely succeed.").

In sum, because Plaintiffs failed to carry their burden of demonstrating that they are entitled to preliminary injunctive relief, the undersigned recommends that their requests for a TRO and preliminary injunction be denied. *See Hopkins*, 2011 WL 611664, at *2 ("[A] preliminary injunction . . . is an extraordinary remedy that should only be granted if the movant has clearly carried its burden of persuasion on all four elements.") (citations omitted).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court DENY Plaintiffs' Emergency Motion for Preliminary Injunction [D.E. 5] and Motion for Preliminary Injunction [D.E. 9].

**SO RECOMMENDED**, this 6th day of October, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).